United States District Court
Southern District of Texas
**ENTERED**
October 04, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNN SANYOTO and MISRO SANYOTO, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3960 |
| | § | |
| USAA GENERAL INDEMNITY COMPANY, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

Pending before the court[1] is Defendant's Motion to Dismiss (Doc. 7). The court has considered the motion, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's Motion to Dismiss be **GRANTED**.

### I. Case Background

Plaintiffs filed their original complaint on October 21, 2018.[2] Plaintiffs alleged that the real and personal property that was damaged or destroyed during Hurricane Harvey was covered under Defendant's Standard Flood Insurance Policy.[3] Plaintiffs also alleged that the adjuster erroneously assessed damages, and that Defendant still owed Plaintiffs at least $182,287.02.[4] On October

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 8, Ord. Dated Mar. 7, 2019.

[2] See Doc. 1, Pl.'s Orig. Compl.

[3] Id. ¶¶ 1-2, 12.

[4] Id. ¶ 23.

22, 2018, a summons was issued, and on February 11, 2019, it was served on Defendant.[5]  Defendant filed the pending motion to dismiss on March 6, 2019, arguing that Plaintiffs did not timely serve Defendant.[6]  Plaintiffs did not respond to the motion to dismiss, but instead submitted a certificate of interested parties on March 12, 2019.[7]

## II.  Applicable Legal Standards

A court is authorized to dismiss a complaint for insufficiency of service of process.  See Fed. R. Civ. P. 12(b)(5).  The summons and complaint must be served on a defendant within ninety days of filing the complaint.  See Fed. R. Civ. P. 4(m).  If a defendant is served after ninety days the action must be dismissed without prejudice.  Id.  However, if a plaintiff proves good cause for the delay in service, the court must give the plaintiff more time.  Id.

The Local Rules for the Southern District of Texas state that "failure to respond [to a motion] will be taken as a representation of no opposition."  L.R.7.4.  The non-moving party has twenty-one days to file a response before the lack of response is considered a lack of opposition.[8]  Even if a party fails to oppose a dispositive motion, the court will not grant the motion without

---

[5]   Doc. 2, Summons; Doc. 6, Return of Serv.

[6]   Doc 7, Def's Mot. Dismiss p. 1.

[7]   Doc. 9, Certificate of Interested Parties.

[8]   See L.R. 7.3, 7.4.

2

carefully considering the movant's arguments.  Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277,1279 (5th Cir. 1985).

### III. Discussion

On October 21, 2018, Plaintiffs filed their complaint.  Under the Federal Rules of Civil Procedure, Plaintiffs were then required to serve Defendant with the complaint and summons by January 19, 2019.  Here, Plaintiffs did not serve Defendant until February 11, 2019.  Defendant filed its motion to dismiss based on the three-week delay in service.  Plaintiffs did not respond to this motion. Under the Federal Rules of Civil Procedure, if Plaintiffs had responded and shown good cause, this court could have extended the time period.  As the record stands, Plaintiffs did not serve Defendant within ninety days and did not respond and show good cause for the delay in service.  Accordingly, the court must dismiss the lawsuit without prejudice. See Fed. R. Civ. P. 4(m).

### IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that the motion to dismiss be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period

mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 4th day of October, 2019.

Nancy K. Johnson
United States Magistrate Judge